No. 25,181.

ATTELIA BUNDY, *Appellee,* v. H. D. AHRENS, Appellant.

SYLLABUS BY THE COURT.

OIL AND GAS LEASE—*No Oil Being Produced—Lease Forfeited—Lessor Entitled to Release of Record.* In a suit to cancel an oil and gas lease the evidence is examined and held to support a judgment that no oil was being produced from the leased premises.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion filed April 5, 1924. Affirmed.

*Alpheus Lane,* and *Karl V. Shawver,* both of Paola, for the appellant.
*John A. Hall,* of Pleasanton, for the appellee.

Bundy v. Ahrens.

The opinion of the court was delivered by

HARVEY, J.: This is a suit to cancel an oil and gas lease and for the statutory penalty for refusal to release on demand. It was tried to the court, judgment was rendered for plaintiff and the defendant has appealed.

On April 15, 1920, J. E. Bundy and wife executed an oil and gas lease on eighty acres of land owned by them, to H. D. Ahrens, which lease contained the following provision:

"It is agreed that this lease shall remain in force for a term of six months from this date, and as long thereafter as oil or gas, or either of them, is produced from said land by the lessee."

Within the six months specified in the lease (or a fifteen day written extension thereof), Ahrens completed a well on the leased premises. He put a pump in the well and later connected it up with other wells he was pumping on adjoining leases. He pumped a total of about fifty-seven barrels of oil in the first six months after it was completed. This oil was run into a covered tank on the premises. From the start the well produced much water and but little oil. No oil was ever sold from the lease. After about May 1, 1921, the well was pumped irregularly but very little oil was produced after that date. There was testimony that when the well would stand for a few days without being pumped, as was frequently the case, they would pump perhaps all day before any oil would show and then only enough to show a little on the water after it would stand awhile. There was evidence that the well repeatedly stood for days and on one occasion for several weeks without being pumped. That salty water ran out on the ground both inside and outside of the casing; that not enough oil was pumped to 'keep the pump rods from rusting and that when the case was tried in February, 1923, the tank contained about forty-five barrels of oil, showing a loss from evaporation of about twelve barrels in addition to oil pumped since about May 1, 1921.

On September 13, 1922, Bundy served notice and demand on Ahrens to cancel the lease of record. This not being complied with, suit was brought. Ahrens did not file his affidavit at the end of six months, claiming the validity of the lease as provided in Revised Statutes 55-205, but did file such affidavit after demand had been made upon him for its cancellation.

Appellant contends that under the clause in the lease above

quoted the lease continued in effect if any oil was produced, no matter how small the quantity. While the court made no special finding the effect of his judgment is to hold that no oil was being produced from the lease. When a well, during a period of a year and a half, does not produce enough oil to take care of the evaporation in a closed tank, or to keep the pump rods oiled, a court is justified in holding that it is not producing oil.

Some other questions are argued by appellant but they are inclined to be technical and have no substantial merit. The judgment is affirmed.